IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES E. LUCAS,          ) | |
| ) | |
| Petitioner,   ) | Civil Action No. 2:21-cv-1156 |
| ) | |
| v.   ) | |
| ) | Magistrate Judge Patricia L. Dodge |
| JEFFERSON COUNTY DISTRICT   ) | |
| ATTORNEY, *et al.*,    ) | |
| ) | |
| Respondents.   ) | |

**MEMORANDUM**

Pending before the Court[1] is the Respondents' Motion to Dismiss (ECF 13) the Petition for a Writ of Habeas Corpus (ECF 5) filed by state prisoner Charles E. Lucas ("Lucas") under 28 U.S.C. § 2254. Lucas challenges the judgment of sentence imposed on him by the Court of Common Pleas of Jefferson County ("trial court") in July 2015. For the reasons below, the Court will grant Respondents' Motion, deny Lucas's claims for habeas relief as time-barred and deny a certificate of appealability.

**I.    Relevant Background**[2]

In 2006, Lucas pleaded guilty to four counts of burglary for incidents involving four different victims. Count 1 was graded as a first-degree felony and Counts 2, 3 and 4 were graded

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

[2] Respondents have attached to their Motion to Dismiss the following decisions issued by the Superior Court of Pennsylvania in Lucas's criminal case: (1) *Commonwealth v. Lucas*, No. 1254 WDA 2015, slip op. (Pa. Super. Ct. June 2, 2016) ("*Lucas I*"); (2) *Commonwealth v. Lucas*, No. 1659 WDA 2017, slip op. (Pa. Super. Ct Aug. 21, 2018) ("*Lucas II*"); (3) *Commonwealth v. Lucas*, No. 1348 WDA 2019, slip op. (Pa. Super. Ct. May 18, 2020) ("*Lucas III*"); and (4) *Commonwealth v. Lucas*, 54 WDA 2021, slip op. (Pa. Super. Ct. June 23, 2021) ("*Lucas IV*"). These decisions provide the necessary factual and procedural history for this case.

1

as second-degree felonies. The trial court originally sentenced Lucas to six to twelve months' imprisonment at Count 1, to be followed by three concurrent sentences of nine years' probation on each of the second-degree burglary counts. *Lucas I*, No. 1254 WDA 2015, slip op. at 1.

In 2008, following new charges out of Clarion County, the trial court revoked Lucas's probation on the three second-degree felony burglary counts and resentenced him to an aggregate sentence of one to two years' incarceration, to be followed by five years' probation. In 2015, Lucas violated the term of his probation again. In July 2015, the trial court revoked his probation on the three second-degree felony counts and resentenced him to three consecutive sentences of five to ten years' imprisonment, for an aggregate term of fifteen to thirty years' imprisonment.[3] *Id.* at 2. This sentence, which is the one Lucas's challenges in this federal habeas case, is within the statutory maximum. *Lucas II*, No. 1659 WDA 2017, slip op. at 9 n.7.

Lucas, through counsel ("direct appeal counsel"), filed an appeal with the Superior Court in which he raised a single issue: "Whether the trial court abused its discretion when it revoked [his] probation and re-sentenced him to serve a sentence of incarceration in the State Correctional Institution aggregating to a minimum of fifteen (15) years to a maximum of thirty (30) years for [his] violations of probation/parole." *Lucas I*, No. 1254 WDA 2015, slip op. at 3. In support of this claim, Lucas asserted in his Pa.R.A.P. 2119(f) statement that "the sentence was manifestly unreasonable in that it was excessive and constitutes too severe a punishment under the circumstances of the case and the probation violation, and that the [trial court's] reasons for the sentence did not justify the severity." *Id.* at 5.

---

[3] The trial court later amended its July 1, 2015 order to reflect that Lucas was entitled to 890 days of credit for time served. *Lucas I*, No. 1254 WDA 2015, slip op. at 2 n.3.

2

On June 2, 2016, the Superior Court issued *Lucas I* in which it affirmed the trial court's sentence. It held that Lucas failed to present the required substantial question for review. *Id.* at 5-6. The Superior Court further noted that even if Lucas had raised a substantial question, he still would not have been entitled to relief because he "failed to develop an argument or cite any legal authority in support of his contention that his probation revocation sentence should have been based on the severity of any new convictions, rather than the severity of the convictions underlying the revoked sentences." *Id.* at 6 n.5.

Lucas did not file a petition for allowance of appeal with the Pennsylvania Supreme Court. Thus, his judgment of sentence became final under both state and federal law on July 2, 2016, when the 30-day period for him to file a petition for allowance of appeal expired. *See Lucas III*, No. 1348 WDA 2019, slip op. at 2; *see also* 42 Pa. Cons. Stat. § 9545(b)(3); 28 U.S.C. § 2244(d)(1)(A) and *Gonzalez v. Thaler*, 565 U.S. 134, 149-50 (2012).

On June 1, 2017, Lucas filed a pro se petition for collateral relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. § 9541 *et seq.* The trial court, now the PCRA court, appointed Lucas counsel ("PCRA counsel"), who in turn filed an amended PCRA petition. In this counseled petition, Lucas asserted that his direct appeal counsel was ineffective for failing to properly advance the argument that his sentence was excessive given the nature of the new offenses (two counts of misdemeanor theft) for which his probation was revoked. *Lucas II*, No. 1659 WDA 2017, slip op. at 3-5.

Following an evidentiary hearing, the PCRA court issued an order denying Lucas's petition. Lucas, through counsel, filed an appeal with the Superior Court. On August 21, 2018, the Superior Court issued *Lucas II* affirming the PCRA court's decision. It held that Lucas did not

show that direct appeal counsel was ineffective because his underlying claim (that the trial court abused its discretion when it imposed an alleged excessive sentence) lacked merit. *Id.* at 5-11.

Specifically, the Superior Court first noted that sentencing is a matter vested in the sound discretion of the sentencing judge and will not be disturbed on appeal absent a manifest abuse of discretion. *Id.* at 7. The Superior Court then explained:

> [I]t is settled that when a defendant's sentence of probation is revoked, "the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation." 42 Pa.C.S.A. § 9771(b). Following revocation of probation, a trial court may impose upon a defendant a sentence of total confinement only if:
>
>> (1)   The defendant has been convicted of another crime; or
>>
>> (2)   the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
>>
>> (3)   such a sentence is essential to vindicate the authority of the court.
>
> 42 Pa.C.S.A. § 9771(c). "A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." *Commonwealth v. Crump*, 995 A.2d 1280, 1283 (Pa. Super. 2010), appeal denied, 13 A.3d 475 (Pa. 2010). Simply put, since the defendant has previously appeared before the sentencing court, the stated reasons for a revocation sentence need not be as elaborate as that which is required at initial sentencing. The rationale for this is obvious. When sentencing is a consequence of the revocation of probation, the trial judge is already fully informed as to the facts and circumstances of both the crime and the nature of the defendant, particularly where, as here, the trial judge had the benefit of a PSI during the initial sentencing proceedings. *See Commonwealth v. Walls*, 926 A.2d 957, 967 n.7 (Pa. 2007) ("Where [PSI] exist[s], we shall continue to presume that the sentencing judge was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors."). Our Supreme Court has explained:
>
>> [A] trial court does not necessarily abuse its discretion in imposing a seemingly harsher post-revocation sentence where the defendant received a lenient sentence and then failed to adhere to the conditions imposed on him. In point of fact, where the revocation sentence was adequately considered and sufficiently explained on

the record by the revocation judge, in light of the judge's experience with the defendant and awareness of the circumstances of the probation violation, under the appropriate deferential standard of review, the sentence, if within the statutory bounds, is peculiarly within the judge's discretion.

*Commonwealth v. Pasture*, 107 A.3d 21, 28-29 (Pa. 2014) (citations omitted). Moreover, the Sentencing Guidelines do not apply to sentences imposed following a revocation of probation. *See Commonwealth v. Ferguson*, 893 A.2d 735 (Pa. Super. 2006), appeal denied, 906 A.2d 1196 (2006). "[U]pon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." *Commonwealth v. Coolbaugh*, 770 A.2d 788, 792 (Pa. Super. 2001).

Instantly, the learned trial court remarked at the July 1, 2015 hearing:

Well, I reviewed the presentence [investigation report]. I reviewed it several times, considered your age, your background, and your prior record and everything contained in the presentence and everything necessary for sentencing. The reason I reviewed it several times was that [Mr. Paul Ruffner, Adult and Probation Department, is] not known for recommending, actually, the sentence consecutive. So most important to note in his presentence is the other significant information; and it shows not only as it did in the other part of the case that you maxed out the last time you were sentenced to state prison but you used drugs fairly heavily in the state prison, that you were abusing Suboxone, that you refused to take advantage of drug and alcohol inpatient and that you have 11 felony convictions. You've been in drug court. You've been offered boot camp before and never taken those significant steps and continued to commit crimes against people to satisfy your drug habit. So the fact you committed new charges calls for a sentence of total incarceration. The fact that you have all of those other significant information just to vindicate the authority of the Court and the fact that it shows you're not a likely candidate to be rehabilitated, I think the recommendation is appropriate on its face. I am going to accept it. At each count, 2 through 4, I'm going to revoke your probation and sentence you to no less than 5 nor more than 10 years one consecutive to the other and consecutive to Clarion County, for a total of 15 to 30 years consecutive to the Clarion County sentence.

N.T. Sentencing, 7/1/15, at 2-4 (sic).

Here, based upon our review of the record, the trial court's findings as set forth above, and our standard of review, we conclude that the trial court did not abuse its discretion in sentencing [Lucas] to 15 to 30 years' imprisonment following

5

>  the revocation of his probation. The new sentence of 15 to 30 years was not manifestly excessive. The trial court initially sentenced [Lucas] to 9 years' probation for his three underlying second-degree felony burglary convictions, each of which carries a statutory maximum sentence of 10 years' imprisonment. However, as detailed above, despite countless opportunities by the trial court for [Lucas] to remain on probation, he continued to violate repeatedly the terms of his probation. As a result, we agree with the trial court that the instant sentence of 15 to 30 years is appropriate and necessary to, inter alia, vindicate the authority of the trial court consistent with Section 9771(c). Finally, the trial court here had at its disposal [Lucas's] PSI and was aware fully of all circumstances, whether aggravating or mitigating, pertaining to [Lucas]. We, therefore, conclude that [Lucas] is unable to establish the first *Pierce* prong, i.e., arguable merit. Accordingly, the PCRA court did not err in concluding that [Lucas] failed to establish that his direct appeal counsel was ineffective.

*Id.* at 7-11 (some altered text added by Superior Court).

The Superior Court also rejected Lucas's argument that "the trial court should have based the sentence of 15 to 30 years in prison following the revocation of probation on the severity of the new convictions (two counts of theft) rather than the three underlying second-degree felony burglary convictions[.]" *Id.* at 10 n.8. Besides finding this argument waived, the Superior Court held that it lacked merit because "the trial court considered not only the new convictions, but also [Lucas's] general history of felony convictions since at least 2006, repeated probation violations, and drug abuse, among other things, in fashioning the sentence of 15 to 30 years' incarceration." *Id.*

Lucas filed a petition for allowance of appeal following the Superior Court's decision in *Lucas II*. The Pennsylvania Supreme Court denied this petition on February 13, 2019. Thus, Lucas' first (and only timely filed) PCRA proceeding concluded on that date.

Lucas later filed two pro se PCRA petitions (one in 2019 ("2019 PCRA petition") and the other in 2020 ("2020 PCRA petition")). The PCRA court denied both of these petitions and the Superior Court affirmed in *Lucas III* and *Lucas IV*, respectively. The Superior Court held that the 2019 and 2020 PCRA petitions were untimely under the PCRA's one-year statute of limitations,

6

which is codified at 42 Pa. Cons. Stat. § 9545(b) and which is jurisdictional. *See, e.g.*, *Commonwealth v. Ali*, 86 A.3d 173, 177 (Pa. 2014).

The Superior Court issued *Lucas IV*, in which it disposed of Lucas's 2020 PCRA petition, on June 23, 2021. Around two months later, on August 31, 2021, Lucas filed with this Court the pending Petition for a Writ of Habeas Corpus. (ECF 5.) He claims that his July 2015 sentence is "illegal pursuant to both state and federal law and/or also violated the terms of the original plea bargain accepted by [him] on February 15, 2006." (ECF 5 at 7.)

In their Motion to Dismiss (ECF 13), Respondents assert that the Court should dismiss the Petition because Lucas's claims are time-barred under the applicable one-year statute of limitations, which is set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and codified at 28 U.S.C. § 2244(d).[4] Lucas concedes that he filed his habeas claims outside of AEDPA's one-year statute of limitations. In both his Petition (ECF 5) and his Response (ECF 15) to the Motion to Dismiss, Lucas asserts that is entitled to equitable tolling and therefore, the Court should deem his Petition to be timely filed.

---

[4] Although Respondents do not move for dismissal on this basis, the Court notes that it is at least debatable whether Lucas has raised a cognizable claim for habeas relief. As discussed below, claims of state law error are not cognizable in a federal habeas case. In the Petition, Lucas argues that the trial court imposed an excessive sentence or otherwise erred when it sentenced him, but sentencing is a matter of state criminal procedure that typically does not fall within the purview of federal habeas review. *See, e.g.*, *Chapman v. United States*, 500 U.S. 453, 465 (1991); *Jones v. Sup't of Rahway State Prison*, 725 F.2d 40, 42-43 (3d Cir. 1984). Thus, unless an issue of constitutional dimension is implicated in a sentencing argument, this Court is without power to grant habeas relief. Lucas does not explain why his sentence, which was within the statutory maximum for the offenses at issue, violated his federal constitutional rights. *See, e.g.*, *Souch v. Schaivo*, 289 F.3d 616 (9th Cir. 2002) (neither an alleged abuse of discretion by the trial court in choosing consecutive sentences, nor the trial court's alleged failure to list its reasons for imposing consecutive sentences, being errors under state law, could form the basis for federal habeas relief); *Herrera v. Artuz*, 171 F. Supp. 2d 146 (S.D. N.Y. 2001) (holding that state court's decision to impose consecutive sentences did not warrant federal habeas relief, even where prosecution had recommended concurrent sentences, where sentence was within the range prescribed by state statute and the trial court had discretion to impose consecutive terms).

**II.     Discussion**

    A. <u>Jurisdiction</u>

The Court has jurisdiction under 28 U.S.C. § 2254, the federal habeas statute applicable to prisoners in custody pursuant to a state-court judgment. It permits a federal court to grant a state prisoner a writ of habeas corpus "on the ground that he or she is in custody in violation of the Constitution…of the United States." 28 U.S.C. § 2254(a). Errors of state law are not cognizable. *Id.*; *see, e.g.*, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). It is Lucas's burden to prove that he is entitled to the writ. *See, e.g.*, *Vickers v. Sup't Graterford SCI*, 858 F.3d 841, 848-49 (3d Cir. 2017).

In 1996, Congress made significant amendments to the federal habeas statutes with the enactment of AEDPA, which "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002) (citing *Williams v. Taylor*, 529 U.S. 362, 403-04 (2000)). AEDPA reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011) (internal quotations and citation omitted).

AEDPA substantially revised the law governing federal habeas corpus. Among other things, AEDPA set a one-year limitations period for filing a federal habeas petition. *See Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005).

    B. <u>Lucas's Claims are Time-barred</u>

AEDPA's statute of limitations is codified at 28 U.S.C. § 2244(d) and it requires, with a few exceptions not applicable here, that habeas corpus claims under 28 U.S.C. § 2254 be filed

within one year of the date the petitioner's judgment of sentence became final. 28 U.S.C. § 2244(d)(1)(A).[5] AEDPA also provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d).

As explained above, Lucas's July 2015 sentence became final on July 2, 2016. He filed his first (and only timely) PCRA petition 334 days later, on June 1, 2017. In accordance with § 2244(d)(2), that first PCRA proceeding *statutorily tolled* AEDPA's limitations period beginning on June 1, 2017.[6] Lucas's PCRA proceeding remained pending through February 13, 2019, which is the date the Pennsylvania Supreme Court denied the petition for allowance of appeal that he filed following the Superior Court's decision in *Lucas II*. *Lawrence v. Florida*, 549 U.S. 327, 331-36 (2007) (a petitioner is not entitled to statutory tolling for the period available to file a petition for writ of certiorari to the United States Supreme Court following state collateral review); *Swartz v. Meyers*, 204 F.3d 417, 419-20 (3d Cir. 2000) (same).

---

[5] The date on which AEDPA's one-year limitations period commenced is determined on a claim-by-claim basis. *Fielder v. Varner*, 379 F.3d 113, 118-22 (3d Cir. 2004). In this case, the statute of limitations for Petitioner's claims began to run on the date his July 2015 sentence became final in accordance with § 2244(d)(1)(A). The remaining provisions § 2244(d)(1) do not apply to this case. 28 U.S.C. § 2244(d)(1)(B)-(D).

[6] AEDPA's statute of limitations was not statutorily tolled pursuant to § 2244(d)(2) during the pendency of either Lucas's 2019 or 2020 PCRA petition. Any PCRA petition that Lucas filed after AEDPA's statute of limitations expired could not serve to statutorily toll the limitations period. Moreover, the Superior Court held that those PCRA petitions were untimely under state law. Thus, neither of them qualifies as a "properly filed application for State post-conviction or other collateral review" under § 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)."); *id.* at 414 ("When a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2).") (internal quotation marks and bracketed text omitted).

9

AEDPA's limitations period began to run again the next day, on February 14, 2019. Because 334 days had expired already from the limitations period, Lucas had 21 more days—until on or around May 16, 2019—to file a timely federal habeas petition. He did not file his Petition until August 31, 2021, thereby making the claims he raised in the Petition untimely by around 899 days, or more than two years and five months.

Lucas acknowledges that he filed his claims outside of AEDPA's one-year statute of limitations, but contends that the limitations period should be *equitably tolled*. Equitable tolling would apply here only if Lucas established that (1) he pursued his rights diligently; and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631 (2010); *see, e.g.*, *Wallace v. Mahanoy*, 2 F.4th 133, 143-44 (3d Cir. 2021); *Ross v. Varano*, 712 F.3d 784, 798-804 (3d Cir. 2013); *United States v. Thomas*, 713 F.3d 165, 174-75 (3d Cir. 2013); *Munchinski v. Wilson*, 694 F.3d 308, 329-32 (3d Cir. 2012). "This conjunctive standard requires showing *both* elements before we will permit tolling." *Sistrunk v. Rozum*, 674 F.3d 181, 190 (3d Cir. 2012) (emphasis in original)).

The Court of Appeals has instructed that:

> "[t]here are no bright lines in determining whether equitable tolling is warranted in a given case." *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011). Nevertheless, "courts must be sparing in their use of equitable tolling," *Seitzinger v. Reading Hosp. & Medical Ctr.*, 165 F.3d 236, 239 (3d Cir. 1999), and should do so "only when the principles of equity would make the right application of a limitation period unfair." *Miller [v. New Jersey State Dept. of Corr.]*, 145 F.3d [616, 618 (3d Cir. 1998)].

*Id.*

Lucas has failed to establish that he is entitled to equitable tolling. No evidence supports a finding that extraordinary circumstances prevented him from filing a timely habeas petition. He may not have understood the ramifications of waiting so long to file his federal habeas petition after his first PCRA proceeding concluded, but it is well established that a petitioner's "lack of

10

legal knowledge or legal training does not alone justify equitable tolling." *Ross*, 712 F.3d at 799-800 (citing *Brown v. Shannon*, 322 F.3d 768, 774 (3d Cir. 2003) (equitable tolling not justified where petitioner had one month left in limitations period in which he could have filed "at least a basic pro se habeas petition" at the time that petitioner's attorney informed him that he would not file an appeal in state court on his behalf and could no longer adequately represent him); and *Doe v. Menefee*, 391 F.3d 147, 177 (2d Cir. 2004) ("Given that we expect pro se petitioners to know when the limitations period expires . . . such inadvertence on *Doe*'s part cannot constitute reasonable diligence.")

Lucas also argues that in accordance with the Supreme Court's decision in *Martinez v. Ryan*, 566 U.S. 1 (2012) the Court should excuse his failure to comply with AEDPA's statute of limitations. In *Martinez*, the Supreme Court held that in states like Pennsylvania, where the law requires that claims of ineffective assistance of trial counsel be raised for the first time in a collateral proceeding, a petitioner may overcome the *procedural default* of a claim of trial counsel's ineffectiveness if certain criteria are met. Lucas's reliance upon *Martinez* is misplaced. The holding of *Martinez* has no applicability to the instant case, where the Court is denying Lucas's claims because they are time-barred, not because they are procedurally defaulted.

Based on the above, Lucas has not shown that an extraordinary circumstance stood in his way of filing a habeas petition within AEDPA's statute of limitations and thus there are no grounds to equitably toll any cognizable claim from being time-barred. The Court will therefore grant Respondents' Motion to Dismiss.

### III. Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate

of appealability may issue…only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether Lucas's claims should be denied as untimely. Thus, a certificate of appealability is denied with respect to each claim.

**IV.     Conclusion**

For these reasons, the Court will grant Respondents' Motion to Dismiss (ECF 13), deny Lucas's Petition because any cognizable claim he asserts in it are time-barred and deny a certificate of appealability with respect to each claim.

An appropriate Order follows.


Date:  April 28, 2022                                             /s/ Patricia L. Dodge
                                                                  PATRICIA L. DODGE
                                                                  United States Magistrate Judge